UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHERRY A TOBEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-01351-TWP-MJD |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's, Carolyn W. Colvin, Commissioner of

Social Security ("Commissioner"), request for judicial review of the Magistrate Judge's Report

and Recommendation, wherein the Magistrate Judge recommended that this case be reversed and

remanded. For the reasons stated below, the Court **OVERRULES** the Commissioner's objection

and **ADOPTS** the Magistrate Judge's Report and Recommendation. Accordingly, the Court

**ORDERS** that this case be **REVERSED** and **REMANDED**.

## I. BACKGROUND

On May 13 and May 23, 2011, Plaintiff, Sherry A. Tobey ("Ms. Tobey"), filed applications

for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income

("SSI") under Titles II and XVI of the Social Security Act.[1]  *See* 42 U.S.C. §§ 416(i), 423(d)

(2012). (Filing No. 12-2 at 11.) Ms. Tobey was thirty-six years old at the time of her alleged onset

date and she had past work experience as a cashier and delivery driver. She alleges disability due

---

[1] The regulations governing the determination of disability for Disability Insurance Benefits are found at 20 C.F.R.
401.1501 *et seq.*, while the Supplemental Security Income regulations are set forth at 20 C.F.R. 416.901 *et seq.*
Because the definition of disability and the applicable five-step process of evaluation are identical for both DIB and
SSI in all respects relevant to this case, reference will only be made to the regulations applicable to DIB for clarity.
*Compare* 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920.

to, among other things, arthritis, back pain, arthropathy, narcolepsy, and several mental disorders, including affective disorder, depressive disorder, and personality disorder.  (Filing No. 14 at 4.) On September 7, 2011, Ms. Tobey's applications were denied initially; and, on January 4, 2012, her applications were denied upon reconsideration.  (Filing No. 12-2 at 11.)

Thereafter, on February 15, 2013, an Administrative Law Judge ("ALJ") held a hearing, wherein Ms. Tobey appeared with counsel.  (Filing No. 12-2 at 29.)  On March 20, 2013, the ALJ issued a decision, concluding that Ms. Tobey was not disabled under the Social Security Act ("Act").  (Filing No. 12-2 at 11-22.)  The ALJ opined that Ms. Tobey could perform her past relevant work as a cashier and that she retained the Residual Functional Capacity to perform other work that existed in significant numbers in the national economy, including a surveillance system monitor and an assembly press operator.  (Filing No. 12-2 at 21-22.)  On June 20, 2014, the Appeals Council denied Ms. Tobey's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (Filing No. 12-2 at 1-5.)

Ms. Tobey filed a Complaint in this Court, requesting judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. §405(g).  (Filing No. 1.)  The undersigned referred the matter to the Magistrate Judge for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B)(2012), Fed. R. Civ. P. 72(b), and S.D. Ind. Local Rule 72-1.  (Filing No. 19.)  On June 29, 2015, the Magistrate Judge issued his Report and Recommendation, recommending that Ms. Tobey's case be reversed and remanded.  (Filing No. 20.)  In his Report and Recommendation, the Magistrate Judge concluded that remand is appropriate because the ALJ failed to discuss the weight given to evidence of Ms. Tobey's Medicaid disability determination. (Filing No. 20 at 6-

7.)   The Commissioner filed a timely objection to the Magistrate Judge's Report and Recommendation (Filing No. 21), to which Ms. Tobey filed a response.[2]  (Filing No. 22.)

## II.  LEGAL STANDARD

**A.**   **Review of the Magistrate Judge's Report and Recommendation**

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact.  *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).  *See also* 28 U.S.C. § 636(b)(1)(B)(2012); Fed. R. Civ. P. 72(b)(1).  The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding.  28 U.S.C. § 636(b)(1)(2012) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions"); Fed. R. Civ. P. 72(b)(3).  *See also Sweet v. Colvin*, No. 1:12-CV-439, 2013 WL 5487358, at *1 (S.D. Ind. Sept. 30, 2013); *Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those elements *de novo*, determining for itself whether the Commissioner's decisions as to those issues are supported by

---

[2] The Court notes that the Magistrate Judge did not address two additional issues initially raised by Ms. Tobey. Specifically, the Magistrate Judge did not address Ms. Tobey's assertions that the ALJ erred in not considering her narcolepsy symptoms to be severe and that the ALJ ignored and misconstrued evidence regarding her activities of daily living.  *See generally* Filing No. 14.  The time period for filing objections to the Magistrate Judge's Report and Recommendation has passed and, therefore, those issues are waived for purposes of this appeal. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Zema Sys. Corp.*, 170 F.3d at 739.

substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1)(2012); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusion to which timely objections have not been raised by a party. *Schur*, 577 F.3d at 760-61; *Sweet*, 2013 WL 5487358, at *1. Further, if a party fails to object to a magistrate judge's report and recommendation, or objects on some issues and not others, he waives appellate review of the issues to which he has not objected. *Zema Sys. Corp.*, 170 F.3d at 739.

## B.   Review of the Commissioner's Final Decision

When the Appeals Council denies review, the ALJ's ruling becomes the final decision of the Commissioner. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009); *Hendersen v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999). Thereafter, in its review, the District Court will affirm the Commissioner's findings of fact if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2012); *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008); *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon*, 270 F.3d at 1176; *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). *See also Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (substantial evidence must be "more than a scintilla but may be less than a preponderance.").

In this substantial-evidence determination, the district court does not decide the facts anew, re-weigh the evidence, resolve conflicts, decide questions of credibility, or substitute the court's own judgment for that of the Commissioner. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Accordingly, if the Commissioner's decision is adequately supported and reasonable minds could differ about the

disability status of the claimant, the court must affirm the decision. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

Ultimately, the sufficiency of the ALJ's articulation aids the Court in its review of whether the Commissioner's final decision was supported by substantial evidence. *See Stephens v. Heckler*, 766 F.2d 284, 287-88 (7th Cir. 1985) ("The ALJ's opinion is important not in its own right but because it tells us whether the ALJ has considered all the evidence, as the statute requires him to do."). While, the ALJ need not evaluate every piece of testimony and evidence submitted in writing, the ALJ's decision must, nevertheless, be based upon consideration of all the relevant evidence. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009); *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). In this vein, the ALJ may not discuss only that evidence that favors his ultimate conclusion but must confront evidence that contradicts his conclusion and explain why the evidence was rejected. *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).

Further, the ALJ's decision must adequately demonstrate the path of reasoning, and the evidence must lead logically to the ALJ's conclusion. *Terry*, 580 F.3d at 475; *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996). Indeed, to affirm the Commissioner's final decision, "the ALJ must build an accurate and logical bridge from the evidence to [his] conclusion." *Zurawski v. Halter*, 245 F.3d 881, 888–89 (7th Cir. 2001); *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

### III. <u>DISCUSSION</u>

The Commissioner argues that remand is not appropriate because Ms. Tobey failed to provide a final disability determination from the State of Indiana Disability Medicaid program. As such, the Commissioner contends that the ALJ was not required to consider and discuss the weight afforded to a disability determination of another organization or agency.

Social Security Ruling 06-03p requires an ALJ to consider any disability determinations by other governmental agencies.  The ruling states in relevant part,

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies . . . .  Therefore, evidence of a disability decision by another governmental or nongovernmental cannot be ignored and must be considered.

S.S.R. 06-03p.  *See also* 20 C.F.R. § 404.1512(b)(1)(v).  Further, the relevant regulations define evidence as "anything that [the claimant] . . . submits to us or that we obtain that relates to [the claimant's] claim."  20 C.F.R. § 404.1512(b).  Although another agency's determination that a claimant is disabled does not bind the Commissioner, an ALJ is required to consider any evidence of such a decision and should explain the consideration given to these decisions.  S.S.R. 06-03p; 20 C.F.R. § 404.1504.

Accordingly, an ALJ's failure to consider and explain the weight given to evidence of another agency's disability determination justifies remand for further proceedings.  *See e.g. Lynch v. Astrue*, 1:11-CV-861, 2012 WL 3683529, at *9 (S.D. Ind. Aug. 24, 2012); *East v. Astrue*, 1:09-CV-00137, 2010 WL 670551, at *2 (S.D. Ind. Feb. 19, 2010).  However, even a brief mention of another agency's disability determination qualifies as sufficient explanation by the ALJ.  *See e.g. Dykes v. Astrue*, 1:12-CV-370, 2013 WL 125164, at *7 (S.D. Ind. Jan. 8, 2013) (the ALJ's four sentence statement that he considered, and was not bound by, the claimant's Medicaid disability status was sufficient to show the court that the ALJ considered the prior determination); *Walker v. Astrue*, 4:09-CV-44, 2010 WL 1257441, at *11 (S.D. Ind. Mar. 25, 2010) (the ALJ's three sentence analysis of the claimant's Medicaid disability status was sufficient to show the court that Walker's Medicaid status was considered in the ALJ's disability determination).

The Commissioner argues that S.S.R. 06-03p was not violated and remand is therefore not required because Ms. Tobey failed to provide a decision from the State of Indiana Disability Medicaid program.  In addition, the Commissioner notes that Ms. Tobey's purported evidence of that agency's disability decision is limited to:  Ms. Tobey's hearing testimony that she qualified for "traditional disability Medicaid", (Filing No. 12-2 at 52); a psychological assessment conducted for the "Medicaid Review Team" as part of Ms. Tobey's application for Medicaid disability benefits (Filing No. 12-7 at 55); and several medical records wherein Ms. Tobey's insurance is identified as "MEDICAID-IN: HEWLETT PACKARD-TRADITIONAL FFS". (Filing No. 12-8 at 2, 4, 11, 14, 18, 22, 26.)  With regard to the medical records, the Commissioner notes that Medicaid insurance is awarded for both disability and indigence, and argues that the medical records are, therefore, inconclusive for determining Ms. Tobey's Medicaid disability status.

Ultimately, the Commissioner's argument hinges on whether S.S.R. 06-03p only requires an ALJ to consider a "determination or decision" of disability or whether it also requires an ALJ to consider "evidence" of such a determination.  Other courts in this Circuit appear divided on the issue.  *Compare East*, 2010 WL 670551, at **1-2 (remanding on the basis of the ALJ's failure to explain the consideration given to the claimant's testimony of Medicaid disability status, even in the absence of a final Medicaid decision, and interpreting evidence of another agency's disability determination broadly to include the claimant's testimony); and *Lynch*, 2012 WL 3683529, at *6, *9 (remanding on the basis of the ALJ's failure to explain the consideration given to the claimant's testimony of Medicaid disability status, even in the absence of a final Medicaid decision); with *Bullard v. Astrue*, 4:09-CV-19, 2010 WL 779454, at *15 (S.D. Ind. 2010) (rejecting the claimant's request for remand when the only evidence of another agency's disability determination was the

7

plaintiff's testimony that she was receiving Medicaid benefits); and *Potts v. Astrue*, 1:08-CV-1, 2009 WL 1803133, at **3-5 (N.D. Ind. 2009) (rejecting the claimant's request for remand when the plaintiff did not submit evidence of a Medicaid disability determination until after the ALJ had issued his ruling).

The Commissioner's argument is well taken, as Ms. Tobey fails to articulate a reason for not submitting a final decision from the State of Indiana Disability Medicaid program, despite her repeated assertion that she receives Medicaid disability benefits. Indeed, the claimant bears the burden of supplying adequate records and evidence to prove her claim of disability. 20 C.F.R. § 404.1512(c); *Sheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004); *Potts*, 2009 WL 1803133, at *3. This is particularly true when, as in the present case, the claimant was represented by counsel at the hearing before the ALJ. *Potts*, 2009 WL 1803133, at *3.

Nevertheless, this Court agrees with the Magistrate Judge's broad interpretation of what constitutes "evidence" under S.S.R. 06-03p. 20 C.F.R. § 404.1512(b) ("Evidence is anything you or anyone else submits to us or that we obtain that relates to your claim."). As explained in *Lynch*, S.S.R. 06-03p is unequivocal in its requirement that the ALJ must consider the disability determinations of other government agencies. 2012 WL 3683529, at *9. Further, this Court has repeatedly noted that an ALJ's determination must be based on all the relevant evidence. *Carlson*, 999 F.2d at 181 ("[While] the ALJ need not evaluate in writing every piece of testimony and evidence submitted . . . we require . . . that the ALJ sufficiently articulate his assessment of the evidence to assure us that the ALJ considered the *important* evidence . . .") (emphasis added and internal quotations omitted). Accordingly, for this Court to have assurance that the ALJ adequately considered the *relevant* evidence, which includes all evidence of another agency's disability determination, the ALJ must, at a minimum, sufficiently articulate his consideration of that

8

evidence.  *See* S.S.R. 06-03p; *Stephens*, 766 F.2d at 287-88; *Zurawski*, 245 F.3d at 888–89 ("the ALJ must build an accurate and logical bridge from the evidence to [his] conclusion.").

The Court notes that while remand is necessary to assure consideration of the evidence supporting Ms. Tobey's Medicaid disability status, the ALJ remains at liberty to assign whatever weight he wishes to that evidence upon rehearing.  *See e.g. East*, 2010 WL 670551, at *2 ("Of course, the ALJ certainly could have considered [the claimant's] unexplained failure to produce the final written Medicaid decision when deciding how to resolve the conflict in the evidence about [the claimant's] Medicaid disability status.  He didn't").

In this case, the ALJ failed to provide any assessment of the evidence supporting Ms. Tobey's Medicaid disability status, despite the fact that Ms. Tobey submitted significant evidence to potentially indicate another agency's disability determination.   Neither this Court nor the Commissioner is permitted to assess that evidence for the ALJ.  *Hunt v. Astrue*, 889 F. Supp. 2d 1129, 1133 (E.D. Wis. 2012) ("[A District Court] may not affirm the Commissioner's final decision based on post-hoc justifications provided by the Commissioner's lawyers"); *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010).  Accordingly, remand is necessary in this case.  The Court overrules the Commissioner's objection and adopts the Magistrate Judge's Report and Recommendation.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court finds that there is no error in the Magistrate Judge's Report and Recommendation and **OVERRULES** the Commissioner's objection.  (Filing No. 21.)   The Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **REVERSES** and **REMANDS** the Commissioner's final decision.  (Filing No. 20.)

**SO ORDERED.**

Date: 9/2/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

10